*795 ATTORNEY DISCIPLINARY PROCEEDINGS
1PER CURIAM. *
This attorney disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Douglas C. Ellis, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent violated Rules 1.1, 1.3, 1.4, 3.4(b),(c) and 8.4(a),(b),(c),(d) of the Rules of Professional Conduct.
The record indicates respondent was contacted by a personal friend who owned a restaurant. Respondent agreed to represent the client in litigation involving the restaurant.[1] The litigation proceeded slowly, and the client apparently became increasingly dissatisfied with the delay, pressuring respondent to move the case along.
During this time, respondent was diagnosed with cancer. He began experimental chemotherapy, which did not end until December 1993. However, respondent did not advise his client of his medical problems, nor did he attempt to withdraw from the case.
Meanwhile, the client continued to press respondent about the status of the case. On November 2, 1993, apparently in an attempt to pacify his client, respondent prepared a falsified judgment in his client’s favor, purportedly under the signature of a judge from the 22nd Judicial District Court for the Parish of St. Tammany. Later, respondent advised his client that the defendants had taken an appeal from the “judgment.” However, by the fall of 1995, the client again became impatient about the progress of the litigation. In September 1995, respondent prepared a second falsified order, purportedly from the court of appeal, showing the earlier “judgment” had been affirmed.
After the filing of formal charges, the committee conducted a hearing. Although the committee ^concluded respondent’s actions represented a serious ethical breach, it found respondent’s medical problems limited his judgment and abilities, and noted there was no injury to the client, whose claims were still pending.[2] After considering the aggravating and mitigating factors,[3] the committee recommended respondent be publicly reprimanded.
The ODC filed an objection in the disciplinary board to the committee’s recommendation, alleging the committee placed far too much emphasis on the respondent’s medical condition. In support, it noted that respondent testified he intentionally prepared the fraudulent documents with the specific intent to deceive his client, which deception took place for over two years. Therefore, it proposed a suspension as appropriate discipline.
*796 The disciplinary board determined respondent intentionally violated duties owed to his client and the legal system. While it agreed with the aggravating and mitigating factors cited by the committee, it deviated from the sanction proposed by the committee. The disciplinary board recommended respondent be suspended for one year, deferred, and placed on one year probation. It further recommended respondent be assessed with all costs of the proceeding. One member of the board dissented, asserting that an eighteen month suspension, deferred, with a two year unsupervised period of probation, would be an appropriate sanction.
Neither respondent nor the ODC filed objections with this court. However, pursuant to Supreme Court XIX, § llG(l)(a), this court requested additional briefing from the parties on the issue Uof sanctions.
In its brief, the ODC took the position that respondent’s conduct was intentional, since respondent admitted that he knew his conduct was morally reprehensible and dishonest at the time he prepared the falsified judgments. While the ODC conceded that some weight should be given to the mitigating factor of respondent’s illness, it pointed out that the illness did not cause respondent to engage in a two year period of deceit. Accordingly, the ODC suggested respondent be suspended for a period of between eighteen months and three years.
Respondent, in his brief, took the position that the hearing committee and disciplinary board properly analyzed the facts in this matter. Therefore, he asked this court to accept the sanction recommended by the disciplinary board.
Having considered the additional briefing of the parties, we conclude that respondent’s conduct represents a serious breach of the ethical rules. Ordinarily, the sanction for such conduct would be disbarment or a substantial suspension. However, we agree there are considerable mitigating factors present in this case, including respondent’s medical condition and the fact that his actions, although improper, did not cause serious harm to his client. Based on all these factors, we conclude a suspension from the practice of law for a period of three years, with all but one year and one day deferred, is appropriate discipline under the circumstances.
Accordingly, upon review of the findings and recommendations of the hearing committee and disciplinary board, the additional briefing and the record filed herein, it is the decision of this court that respondent be suspended from the practice of law for a period of three years, with all but one year and one day of this suspension deferred. All costs of these proceedings are assessed against respondent.

 Victory, J. not on panel. Rule IV, Part 2, § 3.

. Under the agreement, respondent apparently would not receive a fee for his services, but would receive certain “benefits" at the restaurant.

. The hearing committee noted the only possible injury may have been staleness in testimony or presentation of evidence, which it reasoned any favorable judgment would compensate with judicial interest for the delay.

.The committee recognized the following aggravating factors:- (1) dishonest and selfish motive; and (2) an intent to deceive the client. It recognized the following factors in mitigation: (I) absence of a prior disciplinary record; (2) absence of a dishonest and selfish motive (to the extent he would receive a benefit); (3) personal and emotional problems; (4) good faith effort to rectify consequences; (5) cooperation in disciplinary proceedings; (6) good character and reputation in the legal and civic community; (7) physical disability; and (8) remorse.