ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Curtis J.' Coney, Jr., an attorney licensed to practice law in Louisiana but currently on interim suspension.
UNDERLYING FACTS
Beginning in approximately 1986 and continuing through 2002, respondent used individuals known as “runners” to solicit personal injury clients for his law practice. Respondent paid the runners approximately $500 in cash per client referred. To obtain the funds necessary to pay the runners, respondent wrote checks on his operating account payable to “cash,” which his office staff negotiated at local banks. Respondent instructed his staff to cash the checks in amounts less than $10,000 per day in order to evade federal currency transaction reporting requirements.
After respondent’s activities became the subject of a federal investigation, his legal assistant, Kathlyn Martino, whose duty it had been to pay the runners for personal injury referrals, agreed to cooperate with the government. On April 18, 2002, Ms. *659 Martino was served with a subpoena to appear before a federal grand jury sitting in the Eastern District of Louisiana. The same day, at respondent’s request, Ms. Martino met respondent at his home to discuss her grand jury appearance. 1 ^During the meeting,[1] respondent repeatedly urged Ms. Martino to give false testimony to the grand jury. In' particular, he instructed Ms. Martino to feign ignorance in response to any questions from the grand jury regarding the operations of his law firm, including inquiries directed to the use ' of runners and the structuring activity. For example, respondent told Ms. Martino to testify that “all I am is a secretary,” and to say, “I don’t know what you’re talking about paying [for] cases or anything else.” Respondent explained to Ms. Martino that if she told the grand jury the truth about his runner-based solicitation practices, “I’m gone. I’m dead. I’m going to jail.”
On October 31, 2002, the grand jury returned an indictment charging respondent with one count of conspiracy to structure financial transactions in the amount of $187,085, ten counts of structuring financial transactions, and one count of obstruction of justice. On May 14, 2003, respondent pleaded guilty to' all twelve felony counts set forth in the indictment.[2]
DISCIPLINARY PROCEEDINGS:
On September 10, 2003, respondent was placed on interim suspension based upon his conviction of a serious crime. In re: Coney, 03-2477 (La.9/10/03), 855 So.2d 285.
On September 25, 2003, the ODC filed formal charges against respondent, alleging that his conduct constituted a violation of Rules 7.1(c) (accepting a referral from any person whom the lawyer knows has engaged in solicitation relating to the referred matter), 7.2(a) (improper solicitation of professional employment by a lawyer |3or through others acting at his request or on his behalf), 7.2(d) (a lawyer shall not give anything of value to a person for recommending the lawyer’s services), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct. The formal charges were served upon respondent by certified mail delivered on September 30, 2003.[3]
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the.issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After consideration of the ODC’s submission in response to the deemed admitted order, the hearing committee agreed that respondent violated the Rules of Professional Conduct as charged in the formal charges. The committee determined that respondent violated duties owed to the public and as a professional, and that the *660 baseline sanction for respondent’s conduct is disbarment.
As aggravating factors, the committee recognized respondent’s dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1970). In mitigation, the committee acknowledged [¿the absence of a prior disciplinary record and respondent’s full and free disclosure to the ODC.
In light of the seriousness of respondent’s conduct, and considering the permanent disbarment guidelines set forth in Appendix E to the Rules of Lawyer Disciplinary Enforcement, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

Noting the factual allegations of the for[1] mal charges were deemed admitted and proven by clear and convincing evidence, the disciplinary board agreed that respondent violated the Rules of Professional Conduct as charged in the formal charges. The board found that respondent intentionally violated duties owed to the public and as a professional. Respondent purposely engaged in a pattern pf activities over a seventeen-year period to sustain runner-based solicitation of cases. To conceal his payments for the cases, respondent structured his check writing procedures to avoid the federal currency transaction reporting requirements. The board found these actions damaged the profession’s reputation and responsibility to abide by the law and the Rules of Professional Conduct. Furthermore, respondent’s decision to break the laws and the ethical rules undermines the public’s trust in lawyers as those who work with the law and not outside of it. The board agreed that disbarment is the baseline sanction for respondent’s misconduct.
|sThe board adopted the aggravating and mitigating factors found by the committee. In addition, the board found the record supports the aggravating factor of illegal conduct.
Turning to the issue of an appropriate sanction, the board, found respondent’s conduct fits within Guideline 2 of the permanent disbarment guidelines (“intentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury”), as well as Guideline 6 (“insurance fraud, including but not limited to staged accidents or widespread runner-based solicitation”). Respondent directed his legal assistant to deny to a federal grand jury any knowledge of or involvement in the runner-based solicitation scheme in which he had engaged for seventeen years. The board noted that the case law supports permanent disbarment for widespread solicitation operations and attempts to interfere in the administration of justice. See, e.g., In re: Laudumiey & Mann, 03-0234 (La.6/27/03), 849 So.2d 515, cert. denied, 540 U.S. 1048, 124 S.Ct. 814, 157 L.Ed.2d 697 (2003).
Concluding that no lesser sanction is justified under these facts, the board recommended respondent be permanently disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, *661 the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the |fiextent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
In the instant case, respondent stands convicted of multiple counts of structuring financial transactions, conspiracy, and obstruction of justice. These crimes are felonies under federal law and clearly warrant serious discipline. The only issue to be resolved by this court is the appropriate sanction for respondent’s misconduct.
The documentary evidence submitted by the ODC in this case reflects that respondent used runners to solicit personal injury clients for his law practice. To conceal his cash payments to the runners, respondent purposely structured his check cashing activity so as not to trigger federal currency transaction reporting requirements. Later, respondent went to great lengths to convince his legal assistant to give perjured testimony to the grand jury investigating his criminal activity. Under these circumstances, disbarment is clearly appropriate. However, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct we might consider |7worthy of permanent disbarment. For purposes of the instant case, Guidelines 2 and 6 are relevant. Those guidelines provide:
GUIDELINE 2. Intentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury.
GUIDELINE 6. Insurance fraud, including but not limited to staged accidents or widespread runner-based solicitation.
Respondent’s conduct clearly falls within the scope of these guidelines. Respondent intentionally corrupted the judicial process when he repeatedly urged his legal assistant to testify falsely before a federal grand jury. He also ran a widespread runner-based personal injury law practice.
Under the circumstances of this case, the imposition of any sanction less than permanent disbarment would require us to ignore the seriousness of respondent’s conduct and the grave harm he has visited upon the legal profession. We will therefore accept the disciplinary board’s recommendation and permanently disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that that the name of Curtis J. Coney, Jr., Louisiana Bar Roll number 4270, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the *662 matter are assessed against respondent in accordance |«with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Ms. Martino recorded this meeting with the assistance of agents of the IRS and the FBI.

. Nothing in the record indicates whether respondent has yet been sentenced. However, as part of its plea agreement with respondent, the government had agreed to recommend to the district court that respondent be sentenced to serve thirty-three months in federal prison, followed by a period of supervised release of up to three years.

. The return receipt card was signed by respondent personally.