ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| T This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Anne T. Turissini, a suspended attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1985. In June 1995, this court suspended respondent for one year and one day, fully deferred, subject to a two-year period of probation with conditions, stemming from her failure to communicate with a client, failure to return the client’s file upon the termination of the representation, and failure to cooperate with the ODC in its disciplinary investigation. In re: Turissini, 95-0735 *1106 (La.6/2/95), 655 So.2d 327 (“Turissini /”). In 2003, this court considered a proceeding involving three consolidated sets of formal charges alleging that respondent neglected legal matters, failed to communicate with her clients, failed to refund unearned fees or to place disputed fees in trust, failed to protect a client’s interest upon termination of the representation, and failed to cooperate with the ODC in several disciplinary investigations. After considering the record, this court suspended respondent from the practice of law for three years. In re: Turissini, 03-0549, 03-0550, 03-0551 (La.6/6/03), 849 So.2d 491 (“Turissini II”). Respondent has not yet served the entirety of the suspension imposed in Turissini II; accordingly, she remains suspended from the practice of law at this time.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed two sets of formal charges against respondent. The first set, bearing the disciplinary board’s docket number 03-DB-020, was filed on April 3, 2003 and consists of one count of misconduct. The second set, bearing the disciplinary board’s docket number 04-DB-034, was filed on March 30, 2004 and likewise consists of one count of misconduct.
The formal charges were considered by separate hearing committees, then consolidated by order of the disciplinary board on January 18, 2005. On January 24, 2006, the disciplinary board filed in this court a single recommendation of discipline encompassing both sets of formal charges.

0S-DB-020

Respondent represented Ernest Elias in a criminal case. After the representation was concluded, Mr. Elias asked respondent to handle a wrongful death claim on his behalf. Respondent filed a petition for damages in October 2001, but thereafter she failed to communicate with Mr. Elias and did nothing to move the case forward. In June 2002, Mr. Elias filed a complaint against respondent with the ODC, asserting that he had been unable to reach respondent and that she would not return his file. In November 2002, at which time respondent was still enrolled as counsel of record, she failed to appear at a hearing on a motion to compel responses to discovery in the civil case. The trial court rendered judgment ordering that the |sdiscovery be answered within twenty days, in default of which Mr. Elias’ case would be dismissed with prejudice.[1]
A copy of Mr. Elias’ complaint was delivered to respondent via certified mail received on August 15, 2002. Respondent failed to reply to the complaint, necessitating the issuance of a subpoena compelling her to appear on February 18, 2003 and answer the complaint under oath. During her sworn statement, respondent testified that she filed the wrongful death suit on Mr. Elias’ behalf in order to interrupt prescription, but from that point on she was simply “trying to find another civil attorney to take the case for me because I’m just not comfortable handling civil things alone.” She maintained that Mr. Elias knew how to contact her and admitted that she had received a request from him for the return of his file. Respondent promised that she would return Mr. Elias’ file to him immediately; however, it is unclear whether she subsequently did so.
In its formal charges, the ODC alleges that respondent’s conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), *1107 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
The formal charges were served upon respondent by certified mail. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No | ¿formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After considering the ODC’s submission in response to the deemed admitted order, the hearing committee agreed that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee determined that respondent’s conduct was knowing and intentional and that she violated duties owed to her client and to the profession. The committee found no mitigating factors are present, but in aggravation, noted that respondent has previously been disciplined for misconduct that is nearly identical to that at issue here.
Considering these findings, the committee recommended that respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation in 03-DB-020.

Ok-DB-OSk

In July 2003, Lynn Williams filed a complaint against respondent with the ODC. According to Ms. Williams, she retained respondent to seek post-conviction relief on behalf of her son, Lawrence Williams. In September 2002, Ms. Williams paid respondent $1,850 of an agreed upon $4,000 fee “to start Lawrence’s case.” From September until December 2002, respondent contacted Ms. Williams on a regular basis to discuss the status of the case. On December 10, 2002, at which time respondent and Ms. Williams signed a formal retainer agreement, respondent gave | sMs. Williams a copy of a letter addressed to Mr. Williams which detailed her preliminary efforts in connection with the representation. For the next two months, Ms. Williams made phone calls to respondent and visited her office on several occasions, but she was never able to speak with respondent. , In early February 2003, respondent called Ms. Williams to request an additional fee payment “to get started on moving [the] case into court.” On February 9, 2003, Ms. Williams paid respondent an additional $250, following which she did not hear from respondent again.
In October 2003, the ODC reviewed the record of Mr. Williams’ criminal case and determined that respondent had never enrolled as counsel on behalf of Mr. Williams, nor had she filed the application for post-conviction relief.
A copy of Ms. Williams’ complaint was delivered to respondent via certified mail received on August 29, 2003. Respondent failed to reply to the complaint.
In its formal charges, the ODC alleges that respondent’s conduct violated Rules 1.3, 1.4, and 8.1(c) of the Rules of Professional Conduct.
The formal charges were served upon respondent by certified mail.[2] Respondent *1108 failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant .to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

IsHearing Committee Recommendation

After considering the ODC’s submission in response to the deemed admitted order, the hearing committee agreed that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee determined that respondent violated duties owed to her client and to the profession. She acted knowingly and caused actual injury to Mr. Williams, who was unable to seek the post-conviction relief to which he may have been entitled had respondent acted in a timely manner. The committee determined that the baseline sanction for respondent’s misconduct is suspension.
The committee found that the following aggravating factors are present: prior disciplinary offenses, a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law (admitted 1985). The committee made no finding of mitigating circumstances.
Under these circumstances, and noting that repeated sanctions by this court have not deterred respondent “from committing the same type of offenses over and over again,” the committee recommended that respondent be suspended from the practice of law for eighteen months.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation in 04-DB-034.

\gDisciplinary Board Recommendation 03-DB-020 & Ok-DB-OSk

After reviewing the record, the disciplinary board determined that the deemed admitted facts as found in the formal charges are not manifestly erroneous, and that respondent violated Rules 1.3, 1.4, 1.16(d), 8.1(c), and 8.4(g) of the Rules of Professional Conduct in the Elias and Williams matters. Respondent failed to pursue Mr. Elias’ wrongful death claim, failed to communicate with him, and failed to return his file. She also failed to pursue Mr. Williams’ post-conviction relief claim and failed to communicate with Mr. Williams, despite the efforts of his family members to call her and go to her office. Finally, respondent failed to respond to the complaint filed by Mr. Williams’ mother, and had to be compelled by subpoena to respond to Mr. Elias’ complaint, following which she failed to cooperate with the disciplinary investigation.
Based on these findings, the board determined that respondent knowingly, if not intentionally, violated duties owed to her client and as a professional. She knew she had been paid to perform post-conviction relief services for Mr. Williams, but she failed to do anything even after requesting and receiving additional money from Mr. Williams’ mother.[3] Due to respondent’s delay, the time expired for Mr. Williams to pursue his post-conviction relief claim. Mr. Elias’ wrongful death claim was jeopardized due to respondent’s failure to an *1109 swer discovery and to appear for a hearing on a motion to compel. Respondent was also cast in judgment for attorney’s fees and costs related to the motion. In Mr. Elias’ matter, respondent was compelled |sto appear before the ODC pursuant to a subpoena, and she failed to answer the complaint relating to her representation of Mr. Williams.
Standard 4.41 of the ABA’s Standards for Imposing Lawyer Sanctions suggests that disbarment is appropriate when a lawyer knowingly fails to perform services for a client, or engages in a pattern of neglect with respect to client matters, and causes serious or potentially serious injury to a client. Respondent knowingly, if not intentionally, failed to do work for Mr. Elias and Mr. Williams. Both clients were actually harmed, in that Mr. Elias’ wrongful death claim was subject to dismissal with prejudice[4] and Mr. Williams lost his chance at post-conviction relief efforts.
ABA Standard 7.1 suggests that disbarment is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system. Ms. Lynn Williams, the mother of Lawrence Williams, paid respondent more than half of her $4,000 fee, but no work was ever performed and the fee has not been refunded. Indeed, respondent did not so much as enroll as counsel of record in Mr. Williams’ case. She also failed to answer the Williams complaint and failed to cooperate in the disciplinary investigation in either the Elias or Williams matters. The board concluded that the baseline sanction for respondent’s misconduct is disbarment.
The board found that the following aggravating factors are present: prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law, and | aindifference to making restitution. The board determined that no mitigating factors are present.
Relying on In re: Frank, 04-0238 (La.6/25/04), 876 So.2d 57,[5] which the board suggested involved misconduct similar to that at issue here, the board recommended that respondent be disbarred “for the harm to Mr. Elias and Mr. Williams and to protect the public.” The board also recommended that respondent be ordered to make restitution to Lynn Williams and to return Mr. Elias’ file to him, and that she be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case support a finding that respondent *1110 violated Rules 1.3, 1.4, 1.16(d), 8.1(c), and 8.4(g) of the Rules of Professional Conduct. She failed to communicate with Mr. Elias and Mr. Williams and failed to pursue the legal matters she was retained to handle. She also failed to return Mr. Elias’ file to him, despite his numerous requests. Finally, respondent failed to cooperate with the ODC in its investigation of the complaints filed against her by Mr. Elias and by Mr. Williams’ mother. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
|inIn determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Clearly, respondent violated duties owed to her clients, which caused their legal matters to be delayed. Respondent also violated duties owed as a professional by not cooperating with the ODC in its investigation or participating in these proceedings. Undoubtedly, she acted knowingly, if not intentionally. The baseline sanction for this misconduct is a period of suspension.
Several significant aggravating factors are present in the instant case, most notably respondent’s prior disciplinary matters in Turissini I and Turissini II, both of which involved misconduct identical to that at issue in this proceeding. Indeed, our observations in Turissini II are equally applicable here:
A review of the record indicates respondent’s misconduct was both knowing and intentional with regard to her failure to take any action in her clients’ cases, failure to account for and return unearned fees, and failure to cooperate with the ODC. She has exhibited a complete disregard for her professional responsibilities owed to her clients and the profession. Respondent has expressed no remorse for her actions in depriving her vulnerable clients of their funds for several years or jeopardizing their legal matters. She has made no genuine attempt at restitution or fee dispute resolution. Respondent’s chronic failure to cooperate with the ODC has caused undue delays and burdens on an already taxed disciplinary system.
Additionally present are the aggravating factors of a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing Into comply with the rules or orders of the disciplinary agency, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. There are no mitigating factors.
Considering the numerous aggravating factors present, respondent’s prior suspensions, and the fact that she has never satisfied the professional obligations she owed to Mr. Elias and to Ms. Williams, we cannot say the board’s recommendation of disbarment is inappropriate. Accordingly, we will accept the board’s recommendation and disbar respondent. We will further order that respondent 'provide a complete accounting to Ms. Williams and refund the unearned portion of the legal fee she was paid, and that she return Mr. Elias’ file to him.
DECREE
Upon review of the findings and recommendations of the hearing committees and *1111 disciplinary board, and considering the record, it is ordered that Anne T. Turissi-ni, Louisiana Bar Roll number 15060, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked. Respondent is ordered to provide a complete accounting to Lynn Williams and refund the unearned portion of the legal fee she was paid. Respondent is further ordered to return Ernest Elias’ file to him. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The trial court's order also awarded the defendant attorney's fees of $500, plus costs, to be paid by respondent by November 27, 2002. It is unclear from the record whether respondent complied with the order.

. The return receipt card was signed by respondent personally.

. Throughout the board's report, it is stated that Ms. Williams paid respondent $2,000 plus an additional $250, for a total of $2,250, to handle the post-conviction matter. However, in her complaint, Ms. Williams confirmed that she paid respondent $1,850 plus an additional $250, for a total of $2,100.

. The board acknowledged that there is nothing in the record which shows that Mr. Elias' claim was ultimately dismissed; however, the record "substantiates unnecessary delays caused by Respondent's actions.”

. In Frank, the respondent knowingly and intentionally failed to communicate with his clients, neglected his clients' legal matters, abandoned his clients, failed to respond to his clients’ requests for information, failed to expedite litigation, failed to account for or refund unearned fees, failed to return his clients' files, failed to withhold sums from clients’ settlements and/or remit payment to third parties, made misrepresentations during settlement negotiations, and failed to cooperate with the ODC. For this "persistent and serious professional misconduct,” and considering the numerous aggravating factors present (including prior disciplinary offenses), we imposed disbarment.