998 So.2d 700 (2009)
In re William J. DELSA.
No. 2008-B-2295.
Supreme Court of Louisiana.
January 16, 2009.

*701 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, William J. Delsa, an attorney licensed to practice law in Louisiana.

UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed two sets of formal charges against respondent, consisting of a total of three counts of misconduct. The charges were considered by separate hearing *702 committees, then consolidated by order of the disciplinary board. The board then filed in this court a single recommendation of discipline encompassing both sets of formal charges.

07-DB-033

The Ratliff Matter
In 1994, Catherine Ratliff hired respondent to represent her in a medical malpractice matter. In June 2000, respondent filed a petition for damages against Ms. Ratliff's treating physician and three other defendants. In October 2000, two of the defendants were dismissed from the lawsuit.
In August 2004, respondent wrote to Ms. Ratliff indicating that the defendants offered to settle the matter for $445,000. However, respondent encouraged Ms. Ratliff not to accept the offer because he thought the defendants would increase the offer. In 2005, respondent provided Ms. Ratliff with a copy of a judgment dated March 5, 2005, which indicated that he had obtained a compromise settlement from the defendants in the amount of $595,000.
Further investigation by the ODC revealed several irregularities with the judgment, including the following: 1) the judgment in the court record was a copy and not an original document; 2) the judgment was signed by a judge from a different division than that identified in the judgment; 3) the judgment was signed on March 5, 2005, which was a Saturday; 4) the document was purportedly scanned into the court record months before the purported February 25, 2005 hearing date; and 5) the judgment lists all of the defendants, including the two who were previously dismissed. Additionally, all of the opposing counsel confirmed that no compromise settlement was ever reached in Ms. Ratliff's case. In fact, none of the opposing counsel ever entered into settlement negotiations with respondent. Furthermore, neither the docket for the judge who purportedly signed the judgment nor the docket for the division to which Ms. Ratliff's case was actually assigned indicated that the compromise settlement was presented in open court as indicated in the judgment. Finally, the judge who purportedly signed the judgment had no record that she or her staff were ever involved in the matter.
In December 2005, Ms. Ratliff filed a complaint against respondent with the ODC. In her complaint, she indicated that, during the twelve years of the representation, she had difficulty contacting respondent and difficulty receiving information from him. She also indicated that she had not received any of the money awarded to her in the March 2005 judgment. Respondent failed to respond to the complaint, despite numerous attempts by the ODC to obtain his response.

Formal Charges
In January 2007, the ODC filed one count of formal charges against respondent, alleging that his conduct in the Ratliff matter violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary *703 evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Report
After considering the ODC's deemed admitted submission, the hearing committee made the following factual findings:
Respondent failed to communicate with Ms. Ratliff over the twelve years of the attorney-client relationship. Respondent relocated to Arkansas and thereafter did not contact Ms. Ratliff or keep in touch with the ODC. It appears that he abandoned his practice, leaving Ms. Ratliff with no representation. Ms. Ratliff's legal claim has been abandoned, and she is without any legal remedy. Respondent also did not appear on behalf of his client at hearings that led to two of the defendants being dismissed. Furthermore, respondent intentionally misrepresented to Ms. Ratliff that there were settlement negotiations and a settlement offer "on the table." Through deceitful acts and false information, respondent also created a "completely fraudulent" judgment, which shows his intent to deceive the court, his client, and the entire legal system. Finally, respondent failed to cooperate with the ODC after receiving notice of Ms. Ratliff's complaint and agreeing to cooperate on more than one occasion.
Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee also determined that respondent acted knowingly and intentionally, causing actual serious harm to his client and placing an unnecessary burden on the disciplinary system. Furthermore, the intentional fabrication of court documents is extremely injurious to the legal system, any potential litigants in search of court records, and the public in general, and it undermines confidence in the public records system. Based on the ABA's Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is disbarment.
The committee also found numerous aggravating factors present, namely: prior disciplinary offenses,[1] bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and substantial experience in the practice of law (admitted 1980). The committee found no mitigating factors present.
Considering these circumstances, as well as this court's prior jurisprudence involving similar misconduct,[2] the committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee's recommended sanction.

07-DB-028

Count I  The Williams Matter
In 1989, Gloria Williams hired respondent to represent her in a workers' compensation *704 claim. Although respondent informed Ms. Williams on numerous occasions that the matter was moving forward, he never advised her of any court dates or requests that she appear in court. A preliminary hearing on Ms. Williams' claim was scheduled for September 12, 1990, but respondent failed to attend the hearing. In May 1991, the case was administratively closed as abandoned.
Despite the case being administratively closed, respondent provided Ms. Williams with copies of a 1999 court judgment and a 1999 order indicating that she had been successful in obtaining compensation for her claim. However, the court record contains no copies or any notations indicating that either the judgment or the order were ever issued by the court.
In July 2006, respondent advised Ms. Williams that he was attempting to obtain proceeds from the 1999 judgment purportedly entered by the court. Since then, respondent has failed to communicate with Ms. Williams.
After Hurricane Katrina, respondent relocated to Arkansas and, more recently, Georgia. Despite being provided with several copies of Ms. Williams' complaint against him, he has not submitted a response.
The ODC alleges that respondent's conduct violated Rules 1.3, 1.4, 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c), and 8.4(c) of the Rules of Professional Conduct.

Count II  The Evans Matter
Beginning in 1997, Gracie Evans and her son, Walie Evans, hired respondent to handle three legal matters: two personal injury claims and a bankruptcy/foreclosure matter. Although respondent assured Ms. Evans that lawsuits or responsive pleadings had been filed in these three legal matters, he never provided Ms. Evans with any court documents. A search of court records revealed that the lawsuits were never filed.
Ms. Evans maintained regular contact with respondent until October 2006 when respondent informed her that he was closing his law practice due to health reasons. Thereafter, respondent failed to communicate with Ms. Evans despite her attempts at communication.
After Hurricane Katrina, respondent relocated to Arkansas and, more recently, Georgia. Despite being provided with several copies of Ms. Williams' complaint against him, he has not submitted a response.
The ODC alleges that respondent's conduct violated Rules 1.3, 1.4, 8.1(c), and 8.4(c) of the Rules of Professional Conduct.

Formal Charges
In July 2007, the ODC filed two counts of formal charges against respondent. Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Hearing Committee Report
The hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3). The committee also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
*705 The committee also determined that respondent knowingly, if not intentionally, violated duties owed to his clients, the legal system, and the legal profession, causing harm to his clients and the legal system. Based on the ABA's Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is suspension.
In aggravation, the committee found prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law. The committee found no mitigating factors.
Considering this court's prior jurisprudence for similar misconduct,[3] the committee recommended that respondent be suspended from the practice of law for three years.
Neither respondent nor the ODC filed an objection to the hearing committee's recommended sanction.

Disciplinary Board Recommendation 07-DB-003 & 07-DB-028
After reviewing the consolidated matters, the disciplinary board determined that the factual allegations in the formal charges have been deemed admitted and proven by clear and convincing evidence. The board also found that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The board determined that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the legal profession. His clients suffered financial losses due to respondent's failure to prosecute their claims. His filing of fraudulent documents into the court record further harmed the legal system, other litigants, and the public. Based on the ABA's Standards for Imposing Lawyer Sanctions, the board determined that disbarment is the baseline sanction.
In aggravation, the board found prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law. The board found no mitigating factors.
Turning to the issue of an appropriate sanction, the board considered Guideline 2 of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, which states that permanent disbarment may be warranted for "[i]ntentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury." The board also considered In re: Coney, 04-2603 (La.1/7/05), 891 So.2d 658, wherein an attorney was permanently disbarred under Guideline 2 for repeatedly urging his legal assistant to testify falsely before a federal grand jury. The board determined that respondent's efforts to corrupt the judicial process  by crafting a judgment he knew to be fraudulent and having said fraudulent judgment filed into the public record  were seemingly worse than those efforts found in Coney.
Under these circumstances, the board recommended that respondent be permanently disbarred.
*706 Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts in this matter indicate that respondent neglected several legal matters, failed to communicate with his clients, engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, and failed to cooperate with the ODC in its investigations. The most egregious of his misconduct is his filing of a fraudulent judgment into a court record in the Ratliff matter. Based on these facts, respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La. 1984).
Respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the legal profession. His misconduct caused harm to his clients and the legal system. Disbarment is the baseline sanction under Standards 5.11(b) (disbarment is appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice) and 6.11 (disbarment is appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding) of the ABA's Standards for Imposing Lawyer Sanctions.
The record supports the following aggravating factors: prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing *707 to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law. There do not appear to be any mitigating factors.
Over the years, respondent has engaged in a pattern of fraudulent conduct and misrepresentations. In his prior disciplinary matter, respondent misrepresented the status of a case to his clients and executed an agreement on behalf of the same clients without their consent. The Williams matter and the Evans matter represent similar misconduct. In the Ratliff matter, respondent's conduct escalated to the actual filing of fraudulent documents into the court record, which is a corruption of the judicial process.
The disciplinary board considered the misconduct in the Ratliff matter to be so egregious as to warrant permanent disbarment under Guideline 2 of the permanent disbarment guidelines. We agree. The case of In re: Pinkston, 02-3251 (La.5/20/03), 852 So.2d 966, wherein an attorney was permanently disbarred based on Guideline 2 after he made false statements to a court and concealed evidence from the court, provides further support for permanent disbarment:
... [W]e do not impose the sanction of permanent disbarment lightly. Nonetheless, we are firmly convinced that we would be remiss in our constitutional duty to regulate the practice of law if we did not impose that sanction here. By making false representations and concealing facts, respondent subverted the judicial process to his own ends. He engaged in conduct that was calculated to frustrate the administration of justice. This court cannot and will not condone such conduct by an attorney when high standards of honesty are expected. See Louisiana State Bar Ass'n v. Haylon, 250 La. 651, 198 So.2d 391, 392 (1967). Respondent's actions convincingly demonstrate that he does not possess the requisite moral fitness to practice law in this state. He must be permanently disbarred.
The same reasoning can be applied to respondent in this matter. Accordingly, we will adopt the board's recommendation and permanently disbar respondent.

DECREE
Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record, it is ordered that the name of William J. Delsa, Louisiana Bar Roll number 4852, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this State. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] In 2003, the disciplinary board accepted a petition for consent discipline in which respondent admitted to failing to properly communicate with his clients, settling a case without his clients' consent, and engaging in conduct involving misrepresentation. For his misconduct, respondent was publicly reprimanded, placed on probation for two years, and required to attend Ethics School.
[2] See In re: Turissini, 06-0172 (La.4/24/06), 927 So.2d 1105, wherein this court disbarred an attorney, with prior discipline for similar misconduct, who failed to communicate with a client, neglected legal matters, and failed to cooperate with the ODC in its investigation.
[3] See In re: Ellis, 98-0078 (La.5/1/98), 710 So.2d 794 (three-year suspension, with all but one year and one day deferred, imposed upon an attorney who falsified a judgment and an order affirming the judgment; multiple mitigating factors present) and In re: Boudreau, 00-3158 (La. 1/5/01), 776 So.2d 428 (petition for consent discipline accepted imposing a three-year suspension upon an attorney who failed to account for and refund unearned fees, failed to communicate with clients, neglected legal matters, misrepresented to a client that he filed two lawsuits on her behalf, and failed to cooperate with the ODC).